# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30491
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 9, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BLAKE DAMIAN RODGERS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:16-CR-139-1

Before STEWART, Chief Judge, and DENNIS and HAYNES, Circuit Judges.

PER CURIAM:[*]

Blake Damian Rodgers appeals the special assessment of $5,000, imposed with a sentence of 180 months in prison, following his guilty-plea conviction of one count of producing child pornography, 18 U.S.C. §§ 2251, 3014. According to Rodgers, the district court applied an incorrect legal analysis to determine that he was non-indigent within the meaning of § 3014 because the court implicitly considered his potential future earnings. Because

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30491

Rodgers did not provide the district court the opportunity to correct the error he alleges here, we review only for plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009). To establish plain error, Rodgers must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but will do so only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

We have not articulated a test for indigence under § 3014 that differs from the standards otherwise applied in assessing fines for criminal conduct. Our sister circuits that have considered a § 3014 standard for indigence have found consideration of future earnings or employability appropriate. *See, e.g.*, *United States v. Kelley*, 861 F.3d 790, 801 (8th Cir. 2017). In this context, Rodgers has shown no clear or obvious error in the district court's implicit consideration of his potential future earnings in concluding he is non-indigent. *See Puckett*, 556 U.S. at 135; *United States v. Fields*, 777 F.3d 799, 805 (5th Cir. 2015).

Rodgers additionally argues that he is indigent within the meaning of § 3014. He raised this argument at sentencing and, therefore, we review for clear error the district court's factual finding that Rodgers had the ability to pay the mandatory statutory fine. *See United States v. Magnuson*, 307 F.3d 333, 335 (5th Cir. 2002). Although a defendant may rely on the presentence report (PSR) to show an inability to pay, the PSR in the instant matter, adopted by the district court, specifically indicated that Rodgers held title to certain assets and had potential employability sufficient to pay the $5,000 fine. *See Magnuson*, 307 F.3d at 335. The district court's conclusion that Rodgers was

No. 17-30491

non-indigent is plausible in light of this record. *See United States v. Pacheco-Alvarado*, 782 F.3d 213, 221 (5th Cir. 2015).

The decision of the district court is AFFIRMED.